IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GISELLE NEGRON PACHECO, et al., **Plaintiff(s)** v. COLEGIO DE LA VEGA INC., et al., **Defendant(s)** | **CIVIL NO.** 10-1181 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Before the Court is Co- individual Defendants' Motion to Dismiss Plaintiff's complaint for violations to Title VII's Pregnancy Discrimination Act of 1978 (hereinafter "PDA"). (Docket No. 21). For the reasons set forth, the Court grants Defendants' motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Negron initially applied for a job as a teacher with Defendant Colegio de la Vega (hereinafter "Colegio"), but was informed that there were no positions available at the moment. Sometime later a position became available and she was invited to a job interview on March 3, 2009.

The interview was conducted by Laura E. Marrero, the school director, a co-defendant in this case (hereinafter "Marrero"). At the conclusion of the interview, Marrero told Plaintiff that

she was among the few persons qualified for the teaching position, and urged Plaintiff to take the job. Plaintiff verbally accepted. At this point, there had been no mention of Plaintiff's pregnancy.

Marrero then asked Plaintiff to go to co-defendant Gladys Tapia's (hereinafter, "Tapia") office to sign the employment contract. Marrero also asked plaintiff if she had any children, to which Plaintiff responded that she was five months pregnant. Upon learning of this, Marrero replied that the offer was made under the assumption that Plaintiff was not pregnant, and that the matter of her employment had to be discussed with Tapia in light of this new information. Plaintiff and Marrero then went to Tapia's office.

Tapia, the owner of the school, told Marrero that although she was qualified for the job, they did not expect her to be pregnant. She was not given the job.

**STANDARD OF REVIEW**

Motion to Dismiss Standard of Review

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 599). The Court accepts all well-pleaded factual allegations as true, and

Civil No. 10-1181                                                    3

draws all reasonable inferences in plaintiff's favor. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). While Twombly does not require of plaintiffs a heightened fact pleading of specifics, it does require enough facts to have "nudged their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555.

In Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937 (2009), the Supreme Court upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See Iqbal, 129 S.Ct. at 1949-50.

The First Circuit has recently relied on these two principles as outlined by the Supreme Court. See Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555). "Second,

only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Iqbal, 129 S.Ct. At 1950. Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 1950-51 (citing Twombly, 550 U.S. at 567).

## DISCUSSION

Co-Defendants Marrero and Tapia argue that Plaintiff's claims should be dismissed as to them. There can be no individual liability under PDA; only an "employer" can be found liable under the statute. 42 U.S.C. § 2000(e)(b). Accordingly, Defendants aver, this suit should be dismissed as to them.

In her response, Plaintiff counters that although PDA does not provide for personal liability of individuals, Defendants Marrero and Tapia can nonetheless be found liable in their

official capacities. Plaintiff rests her argument on <u>Sauers v. Salt Lake County</u>, 1 F.3d 1122 (10th Cir. 1993), where the Tenth Circuit indeed made this official/individual capacity distinction in the workplace; a distinction usually reserved for suits against government officers.

There is no liability, personal official or otherwise, against individuals under Title VII. <u>Fantini v. Salem State College</u>, 557 F.3d 22 (1st Cir. 2009). PDA imposes liability only on "employers", as specifically defined in the statue. Under no theory can one accommodate an individual employee within the PDA meaning of "employer". 42 U.S.C. § 2000(e)(b)(defining "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year").

It is the use of the phrase "and any agent of such a person" following the definition of "employer" in PDA that leads Plaintiff to assume that a suit under PDA may proceed against individuals in their so called official capacity. <u>42 U.S.C. § 2000(e)(b)</u>. This view does find support in the Tenth Circuit's opinion on the matter. <u>Sauers v. Salt Lake County</u>, 1 F.3d 1122 (10th Cir. 1993). We respectfully disagree, and are nonetheless compelled to follow the First Circuit's interpretation of the phrase, that it is no more than the manifestation of Congress's

intent to impose respondeat superior liability upon employers, and not a way to drag individual employees into court, in any capacity. Fantini v. Salem State College, 557 F.3d 22, 30 (1st Cir. 2009)(citing Birkbeck v. Marvel Lightning Corp., 30 F.3d 507, 510 (4th Cir. 1994); and Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 587 (9th Cir. 1993)).

Since there can be no individual liability of any kind under PDA, there can be no claim against Marrero and Tapia. Plaintiff's PDA claims against Marrero and Tapia must be dismissed. Plaintiff's supplemental state law claims against these individual Defendants are also dismissed, without prejudice, pursuant to the Court's discretion under 42 U.S.C. § 1367(c).

**CONCLUSION**

For the reasons stated above, the Court hereby **GRANTS** Individual Defendants' Motion to Dismiss. Plaintiff's PDA claims against Defendants Marrero and Tapia shall be dismissed with prejudice. Plaintiff's state law claims against these Defendants shall be dismissed without prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22st day of June, 2011.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge